CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL MOORE et al., | Civil Action No. 7:12cv00262 |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| CORELL ELECTRICAL CONTRACTORS, INC., | |
| Defendant. | By: Samuel G. Wilson<br>United States District Judge |

This is an action by Michael Moore, John Armstrong, David Williams, and Steve Ragland, all current and former employees of Corell Electrical Contractors, Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), alleging that Corell willfully violated the plaintiffs' rights to receive minimum wage and overtime pay. The plaintiffs seek to represent all similarly situated employees who have worked at Corell's facility in Salem, Virginia, since July of 2009, and they have filed a motion to that effect. Corell has responded by filing a Rule 12(b)(6) motion to dismiss the complaint based on insufficient pleading under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Viewing the complaint in the light most favorable to the plaintiffs, the court finds it nearly devoid of factual allegations and therefore insufficiently pled under Twombly and Iqbal. Accordingly, the court will grant Corell's motion to dismiss without prejudice.

I.

The plaintiffs (and the members of the proposed class) are current or former Corell employees who have provided "electrical services" on Corell's behalf. The plaintiffs allege that "[s]ome of the Plaintiffs and members of the proposed class were paid by the job or task. They

were not paid one-and-one-half times their hourly rates of pay for all hours spent working over 40 in a workweek, nor were they paid for compensable time spent traveling while working for and for the benefit of Corell." According to the plaintiffs, Corell failed to keep adequate wage records, instituted a task-based pay system that resulted in the plaintiffs earning less than minimum wage, and engaged in all of the alleged conduct in willful violation of the FLSA.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under this rule, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (citation omitted). The plaintiffs must allege facts that "raise a right to relief above the speculative level." Id. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. While the court must accept the claimants' factual allegations as true, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, the complaint notes that Corell paid the plaintiffs less than the minimum hourly wage and less than "one-and-one-half times their hourly rates" for overtime, failed to compensate employees for compensable travel, shirked its duty to keep accurate wage records, and did each of these things willfully. These are "conclusory allegations," and they are entitled to no weight for the purposes of evaluating the sufficiency of the complaint. The only discernible factual support for these conclusions is the plaintiffs' mention of a task-based payment system and its role in depriving the plaintiffs of adequate pay. "Threadbare recitals of

2

the elements of a cause of action, supported by mere conclusory statements," will not sustain a claim to relief. Id. Accordingly, the court grants Corell's motion to dismiss.

### III.

For the reasons stated, the court grants, without prejudice, Corell's motion to dismiss the complaint.

**ENTER**: October 30, 2012.

UNITED STATES DISTRICT JUDGE